UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Spencer Harris,**
     **Plaintiff,**

                          vs.                                                    08-3053

**U. S. Marshal Service,**
     **Defendant.**

### Merit Review Order

The plaintiff Spencer Harris is a federal prisoner currently incarcerated at the Terre Haute Federal Correctional Institution in Terre Haute, Indiana. He filed this lawsuit against the United States Marshal Service.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim, upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

The plaintiff alleges that on June 18, 2007, he was called down to the Medical Department concerning a highly degrading statement. The head nurse advised the plaintiff that the statement was made by the United States Marshal. The plaintiff became extremely upset. The nurse told the plaintiff that the United States Marshal had advised her that the plaintiff had been "HIV" since 1992 and this was recorded on the computer. The plaintiff was taken to St. John Hospital on June 21, 2008, where he was tested [for the HIV virus]. The test results were negative for HIV. The plaintiff then wrote a letter to the Medical Department and the head nurse. The plaintiff claims that before he was taken to the hospital, he was stuck seven times without drawing any blood. Both of his arms had tracked with several red marks. He arrived at Terre Haute Federal Correctional Institution on August 9, 2007. There he received his papers from his counselors. The papers indicated that he had no medical issues in PSR, "but USM 129 reflects blood/body fluid precautions OMDT refer."

The plaintiff also claims that when he was shipped out of Sangamon County on July 24, 2007, he noticed that his property did not get returned to his family. The plaintiff claims the U. S. Marshal destroyed his property and his records are gone.

### Conclusion

The plaintiff's claim that the United States Marshal Service defamed him must be dismissed. "[I]t is well established that defamation, while it may be the basis for a solid claim based on state law, does not deprive a person of a liberty interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted.

The court next considers the plaintiff's claim that the United States Marshal destroyed his

property. Title 28 U.S.C. § 2675(a) provides, in pertinent part:

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Title 28 USC § 2401(b)

Here, the plaintiff does not assert that he has presented his claim regarding the loss of his property to the appropriate federal agency and that his claim has been denied by that agency in writing. This is a defense that the defendant would have to raise but it is apparent to the court that the plaintiff has not yet satisfied the procedural requirements for a Federal Torts Claim. But drawing all inferences in favor of the plaintiff, the case will go forward on this claim.

Finally, the court notes that the plaintiff names the United States Marshal Service as the defendant, but in his complaint he alleges that the United States Marshal defamed him and destroyed his property. The United States is the proper defendant in a federal tort claim. The clerk is directed to substitute the United States as a defendant and to terminate the United States Marshal Service. Service of process must be made on the Attorney General of the United States and the United States Attorney for the Central District of Illinois.

**It is ordered:**

1. **Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's defamation claim is dismissed. Further, based on the foregoing, the clerk of the court is directed to terminate the United States Marshal Service as a defendant and to substitute the United States as a defendant. The plaintiff may proceed on his claim regarding the destruction of his property. Any other claims not specifically set forth in this order shall not be included in the case, except at the court's discretion on motion by a party for good cause shown at the final pretrial conference, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Any claims against the defendant in an official capacity are stricken. The case will proceed against the defendant in an individual capacity. The necessary deficiency orders are directed to be entered, if any. After the plaintiff satisfies all deficiencies, a Scheduling Order shall be entered directing service and setting a Rule 16 conference date and the clerk of the court is directed to issue service of process on the Attorney General of the United States and the United States Attorney for the Central District of Illinois. A copy of this Case Management Order shall be served with the Complaint and Scheduling Order. The defendants shall file an <u>answer</u>**

**within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be only to the issues and claims stated in this order.**

**Enter this 5th day of May 2008.**

>                  s\Harold A. Baker
> _____
>                  Harold A. Baker
>            United States District Judge