UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SPENCER HARRIS,
        Plaintiff,

        v.        Case No. 08-3053

UNITED STATES,
        Defendant.

MEMORANDUM OPINION AND ORDER

      Before the court is the defendant, United States' unopposed summary judgment motion [10].

Background

      On February 28, 2008, plaintiff Spencer Harris filed a complaint [1] wherein he alleged that: (1) on June 18, 2007, he was called down to the Medical Department at the Sangamon County Jail, where he learned from a nurse of a "high degreating (sic)" statement - - that he had been "HIV" since 1992 - - that the nurse said that the United States Marshals Service said was on their computer; (2) he was tested three days later at St. Johns Hospital and was negative; (3) he arrived at Terre Haute Penitentiary in August, 2007, and learned that a Marshals Service form, USM 129, reflected "blood/body fluid precautions;" (4) his personal property did not get from the County Jail to his family; (5) the Marshals Service destroyed this property; (6) the Marshals Service has false medical information; (7) this caused medical testing, stress and pain; and (8) he claimed one million dollars, removal of false medical information, an apology and release from prison.

      On May 5, 2008, this Court conducted a merit review, 28 U.S.C. § 1915A, applying a "motion to dismiss standard," and concluded [5] that (1) the defamation claim should be dismissed; (2) the lost property claim could go forward, even though this claim required presentation of an administrative claim and exhaustion of an administrative remedy; (3) the United States was the appropriate defendant for this "claim regarding the destruction of his property;" and (4) all other claims "shall not be included in this case."

      The question presented is whether there has been the presentation of an administrative claim and exhaustion of an administrative remedy, as required by 28 U.S.C. § 2675(a), for the "claim regarding the destruction of his property."

Statement of Undisputed Material Facts

GERALD M. AUERBACH, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct.  See Gov. Ex. A, attached to summary judgment motion.
1.      I am the General Counsel for the United States Marshals Service ("USMS"), U.S.

          Department of Justice, Arlington, Virginia.
2. The Office of General Counsel, USMS, is responsible for processing, adjudicating, and is the official custodian of all administrative tort claims presented to the USMS under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. In addition, all such claims are forwarded to this office for disposition.
3. As a routine business practice, this office creates and maintains a record of each such claim.  The claims are indexed by claimant.
4. A thorough examination of the files of this office indicates that, as of the date of this declaration, no administrative tort claim has been filed against the USMS by Spencer Harris regarding the allegations contained in this instant lawsuit.  I declare, under penalty of perjury that the foregoing is true and correct.
5. Since plaintiff Harris is pro se, the United States attached Fed.R.Civ.P. 56 and CD-IL LR 7-1, and advised him that any assertion of fact in the government's declaration would be accepted as true unless plaintiff Harris submits an affidavit or document that contradicts this assertion of fact.  *See* defendants summary judgment motion.
6. The plaintiff, Harris has not filed a response.

## Conclusion

No one may file suit under the Federal Tort Claims Act without first making an administrative claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993)....For the lack of a good administrative claim, this suit was properly dismissed. *Kanar v. United States*, 118 F.3d 527, 528, 531 (7th Cir. 1997).  The United States's declaration establishes that plaintiff Harris did not present the administrative claim that is required before litigation.  Due to this failure to present and to exhaust that administrative claim, plaintiff Harris has failed to comply with an essential condition of the waiver of sovereign immunity. *Kanar, supra*.  Therefore, the defendants are entitled to summary judgment.

It is therefore ordered.

1. The defendant's motion for summary judgment is granted [10].  The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff.   This case is terminated in its entirety, with the parties to bear their own costs.

2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

Enter this 13th day of February 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge